

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *Jennifer R. Sykes* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-0112* |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-4433* |
| *Jennifer.Sykes@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

May 8, 2020

The Honorable George J. Hazel
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    <u>United States v. Troy Barbour</u>
            Criminal No. GJH-18-0468

Dear Judge Hazel:

    Defendant Troy Barbour was scheduled to be sentenced on May 21, 2020, but this sentencing hearing has been postponed by Standing Order 2020-07 dated March 1, 2020 (Case No. 00-mc-308). The Defendant will be sentenced on a date to be determined by the Court, on Count One of the Superseding Information, which charged him with conspiracy to commit money laundering in relation to his involvement in an international fraud scheme.

    Consistent with the plea agreement, the Government's position is that the final offense level is 12 based on a loss amount level of more than $15,000 but not more than $40,000. His criminal history category is I, resulting in an advisory guidelines range is 10 months to 16 months of imprisonment. The penalties provided by statute for Count One are: a maximum term of imprisonment of 20 years, three years of supervised release, and a fine of $500,000 or twice the value of the property involved.

    For the below reasons and additional reasons to be explained at the sentencing hearing, the Government recommends a sentence of 13 months of imprisonment (with five of those months to be served via location monitoring, to be paid for by the Defendant), followed by three years of supervised release, a fine of $10,400, and restitution in the amount of $28,600. The Government submits that this sentence is sufficient but not greater than necessary to satisfy the goals of sentencing articulated in 18 U.S.C. § 3553(a).

**A Sentence of 13 Months of Imprisonment is Just and Reasonable Under 18 U.S.C. § 3553(a)**

### A. Nature and Circumstances of the International Fraud Scheme and the Money Laundering Conspiracy

The Defendant was member of the East Coast operation of the United States portion of this international fraud scheme and a trusted cohort of the lead defendant, Peter Unakalu, who remains an international fugitive. Peter Unakalu, Khalid Razaq, and the Defendant's brother had served time together in federal prison about 20 years ago, and that relationship in part contributed to the criminal conspiracy charged in this case. The criminal organization created and used an email address, authentic forms, titles, addresses, and other indicia to pose as U.S. Navy contracting agents. This criminal organization convinced three American companies to ship, without prior payment, certain merchandise, including large screen televisions, specialized communications equipment, cellular telephones, and computers, totaling over $12 million. Recruited into the criminal organization by Unakalu, the architect of this international fraud scheme, the Defendant engaged in wire transactions involving cash proceeds received from the stolen goods by his West Coast coconspirators.

The stipulation of facts outlines the various deposits and transfers in and out of the Defendant's bank account in Maryland. He laundered over $22,000 to Unakalu in Nigeria and to a Maryland-based shipping company for payment to ship about 232 of Victim 2's televisions (with a value of at least $455,833) from Virginia to Maryland and then to California.

The Defendant was important player in this organization—he was a reliable, trusted asset for Unakalu and provided the organization an additional layer of secrecy in its United States and overseas activities.

### B. History and Characteristics of the Defendant

Prior to the instant offense, the Defendant obtained one serious drug and firearms conviction—possession with the intent to distribute cocaine and a related handgun violation in Baltimore City, Maryland. In 1998, the Circuit Court for Baltimore City sentenced the defendant to 10 years of incarceration (with all but five days suspended), two years of supervised probation (with one year of home confinement), and 500 hours of community service. (PSR ¶ 31.)

Since that time, he has owned and operated a small business with his brother, and owned a residence where he and his family reside. The Defendant turned to criminal activity for no apparent reason other than greed and loyalty to an old friend.

**The Government's Sentencing Recommendation**

Based on the advisory sentencing Guidelines range, as well as other relevant factors that will be discussed at the sentencing hearing, the Government will argue that a mid-Guidelines sentence of 13 months of imprisonment (with five months of the imprisonment term to be served via location monitoring) followed by three years of supervised release is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

A sentence within the applicable advisory Guidelines range is necessary to adequately address the considerations in 18 U.S.C. § 3553(a)(2), including the seriousness of the offense, to

promote respect for the law, to provide just punishment, to provide adequate treatment for the Defendant, to afford adequate specific and general deterrence to criminal conduct, and to protect the public from further crimes of the Defendant.

As outlined in the PSR, the Defendant has the ability to pay a fine in this case in light of his earning capacity and financial resources. *See* PSR ¶ 49. The fine range for this offense is $5,500 to $55,000, and the maximum fine is $500,000 or twice the value of the property involved. *See* PSR ¶¶ 57, 59. As such, the Government recommends that the Court impose a fine of $10,400, which is the total cost that the Defendant paid to the moving company in Maryland.

The Government agrees with the U.S. Probation Office that the maximum term of supervised release be imposed to provide the Defendant time to attempt to satisfy the outstanding restitution owed to the victims in this case. The Government also agrees with the U.S. Probation Office's recommended conditions of supervision listed in the PSR.

Due to the uncertainty of the Defendant's sentencing date, the Government reserves the right to change its sentencing recommendation after the filing of this sentencing memorandum and will so advise the Court and the Defense in advance of sentencing.

        Very truly yours,

        Robert K. Hur
        United States Attorney

By: _____/s/_____
        Jennifer R. Sykes
        Joseph R. Baldwin
        Assistant United States Attorneys

cc:    Pleasant S. Brodnax, III, Esq.
        Melissa McGuinness, U.S. Probation Office