**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| v. ) | |
| ) | Case No. 8:18-cr-00468 (GJH) |
| **TROY BARBOUR,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant TROY BARBOUR, by counsel, and submits this sentencing memorandum for consideration by the Court. Pursuant to the factors set forth in Title 18 U.S.C. §3553(a) and U.S. Supreme Court precedent cited hereinafter, Mr. Barbour respectfully requests the Court impose a term of probation, with an appropriate term of home confinement, followed by a term of supervised release. Mr. Barbour submits that the requested sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553. Mr. Barbour has received and reviewed the Presentence Investigation Report ("PSR") and has no corrections or objections to the same.

I.  BACKGROUND

Mr. Barbour appears before the Court after having accepted responsibility, on January 22, 2020, to criminal conduct set forth in a one-count Superseding Information. The conduct for which Mr. Barbour pled guilty involves his acquiescence in allowing his Bank of America account to be used for deposits totaling $22,600 from a co-conspirator, knowing that the property involved in the financial transactions represented proceeds of some form of unlawful activity. Mr. Barbour would then launder the proceeds by wiring the funds to Mr. Peter Unakalu in Nigeria.

The presentence investigation report ("PSR") determined that the applicable sentencing guideline provisions presented a total offense level of 12 and a criminal history category of I, resulting in an advisory guideline sentencing range of 10 to 16 months.

In a May 2020 sentencing letter, the United States submitted that sentence of 13 months of imprisonment (with five months of the imprisonment term to be served via location monitoring) followed by three years of supervised release.

Mr. Barbour submits the United States recommended sentence is more than sufficient and greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Mr. Barbour submits a variant sentence of probation with home detention is the more reasonable sentence for this particularized individual defendant.

Mr. Barbour has been on pretrial release since October 2018 and has remained in compliance with his release conditions. In October 2020, U.S. Probation filed a notice of apparent violation, but requested that no action be taken. Mr. Barbour refinanced an existing loan, in order to take $2,000 in order to cover costs related to his ongoing business concern, as he was going through a particularly difficult time during the pandemic. Mr. Barbour could not qualify for a Small Business EIDL loan due to this pending case. Part of the loan was also committed to paying costs associated with legal representation in this matter. At the request of the probation officer, Mr. Barbour agreed to close the loan.

As the Court considers the "whole person" whom it will sentence, Mr. Barbour submits his history and personal characteristics warrant a variant sentence which will adequately balance the goals of sentencing with the unique facts and circumstances of his life.

## II. SENTENCING FACTORS

### A. Overview

For the past 17 years, not only have courts had wide discretion to impose non-guidelines sentences, see *United States v. Booker*, 543 U.S. 220, 226-227 (2005), but the "effectively advisory," Id. at 245, the guidelines are not even to be "presumed reasonable," *Nelson v. United States*, 555 U.S. 350, 352 (2009). The sentencing guidelines are only "the starting point and the initial benchmark" of a sentencing analysis. *Gall v. United States*, 552 U.S. 38, 49 (2007). A district court conducts "its own independent review of the sentencing factors, aided by the

2

arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

The touchstone of the sentencing court's individualized assessment is an analysis of 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
> (5) any pertinent policy statement – [...];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a)(1)-(7). Ultimately, the overarching goal of sentencing is to ensure that a sentence is sufficient, but not greater than necessary to satisfy the purposes of sentencing.

### B. History & Characteristics of Mr. Barbour and the Nature & Circumstances of the Offense (§ 3553(a)(1))

#### 1. Mr. Barbour's History & Characteristics

Ms. Barbour was born in Baltimore, Maryland. He has lived with his wife and children in Sterling, Virginia for 15 years, where they own their residence. He has lived in Maryland his entire life, except for his time in the military when he was stationed with the U.S. Army in Alabama, Virginia, and the Middle East. During his time in the military, he received decorations including Army Service Ribbon, National Defense Service Medal, Army Commendation Medal, and Army Achievement Medal. He was honorably discharged.

In or about 2015, the U.S. Department of Veterans Affairs diagnosed Mr. Barbour with Post-Traumatic Stress Disorder because of nightmares, flashbacks, and panic attacks.

Since 2004, Mr. Barbour has owned Techs-4-IT, Inc., located in Baltimore, Maryland. The building that houses the company is owned by Mr. Barbour and his brother. Mr. Barbour currently has six employees. The company installs low voltage wiring for network applications for large and small companies. The defendant previously owned Mideastern Telephone Company, in Baltimore, Maryland, for eight years, before he changed the company to Techs-4-IT. As a teenager, the defendant cut grass and worked as a dishwasher and a cook for a restaurant.

The custodial sentence recommended in the United States' May 2020 sentencing letter would have an unnecessary impact on the financial stability and care of Mr. Barbour's family and the families of his employees.

Mr. Barbour is described as a family man, a man of faith, a friend, a supportive father and son, and a small business owner. He is a caregiver to his wife who suffers from severe rheumatoid arthritis. His assists his wife is sometimes "crippled by my disease and it is him who brings me my medicine, helps me out of bed, gets our kids to school, prepares meals, and the list goes on." Letter from Sabiha Barbour. "On a daily basis, Troy is a constant figure in our home, he picks up Tariq from school 4 days a week which allows me to maintain my employment." *Id.* Mr. Barbour attaches letters from the following to this sentencing memorandum: (1) Sabiha Barbour; (2) Mary C. Locke; (3) Troy Barbour; (4) Susan Noorzai; (5) Rafiullah Ashrafi; (6) Ramona R. Carver; and (7) Juan Minniefield.

### 2. Nature & Circumstances of the Offense

Mr. Barbour admits his participation in the conduct in this case. He has accepted full responsibility for his role in the unlawful activity. He understands that he is solely to blame for his choices and deeply regrets getting involved in this fraudulent activity.

### C. Remaining Factors of 18 U.S.C. § 3553(a)

### 1. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Provide Just Punishment, to Avoid Unwarranted Sentence Disparities, and to Promote Respect for the Law

As the Court reflects upon the person being sentenced, Mr. Barbour urges the Court to consider that the requested sentence will reflect the seriousness of the instant offense, promote respect for the law, provide just punishment, and avoid unwarranted sentence disparities. The requested sentence will allow Mr. Barbour to continue to provide financial and emotional support to his family, maintain his ongoing business concern, and will not remove Mr. Barbour from the family he loves and supports.

2. The Requested Sentence Can Provide Adequate Deterrence,
and Protect the Public from Future Offenses by Mr. Barbour

A sentence of probation will provide adequate general and specific deterrence. A felony conviction and the requested sentence send a message to the community that criminal conduct will not be tolerated and provides specific deterrence while Mr. Barbour remains on supervised release.

III.  CONCLUSION

Based on the forgoing, Mr. Barbour respectfully submits a term of probation, with an appropriate term of home confinement, is sufficient but not greater than necessary, to address the goals of sentencing in this case.

Respectfully submitted,

TROY BARBOUR
By Counsel

 /s/ Pleasant S. Brodnax, III
_____
Pleasant S. Brodnax, III, DMd Bar No. 22558
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
(202) 462-1100
pleasant.brodnax@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was filed by CM/ECF on the 8th day of August 2022, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Pleasant S. Brodnax, III